MEXICAN IMPORTING AND EXPORTING CORPORATION, Plaintiff, *v.* BANCO REFACCIONARIO DE YUCATAN, S. A., Defendant.

Supreme Court, New York County, June, 1923.

**Banks and banking — receipt of draft for collection — transmission of proceeds in usual manner by collecting bank — suspension of agency through which transmission was being made — when collecting bank not liable.**

Plaintiff sent to defendant for collection in Yucatan a certain draft with instructions to transmit the proceeds to plaintiff. Defendant collected a portion of the amount of the draft, and employing the customary and normal method for transmitting to foreign lands moneys collected in Yucatan, deposited the money collected in local currency with the Yucatan Comision Reguladora, but after defendant had received from the comision a ticket entitling it to a draft, the Comision Reguladora suspended. *Held*, that in an action for money had and received defendant's motion for the direction of a verdict in its favor will be granted.

The dismissal of the complaint did not finally dispose of plaintiff's claim, for should the draft be issued and defendant fail to transmit it, an action would lie for such failure.

ACTION for money had and received.

*Spencer, Ordway & Wierum (Otto C. Wierum,* of counsel), for plaintiff.

*Murray, Prentice & Aldrich (Franklin P. Ferguson,* of counsel), for defendant.

WAGNER, J. The action is for money had and received. The defendant was employed by plaintiff to collect for it in Yucatan a sum represented by a draft and transmit the same to plaintiff. The defendant collected a portion of the amount and adopted the usual method for transmission by depositing the moneys collected in local currency with the Yucatan Comision Reguladora, and, as an acknowledgment of such deposit, a ticket was issued to the depositor by such comision. The custom was to issue a draft at some subsequent time to the depositor, which draft was then transmitted to the foreign country. In this case, after the receipt by the defendant of the ticket entitling it to a draft, the Comision Reguladora suspended, and no draft has as yet been issued, and hence no transmission made to plaintiff. The defendant by letter notified plaintiff of its plight. The plaintiff here claims the money collected by defendant and denies that defendant can resist upon the ground that it was frustrated by the suspension from turning the money over. My view is that the defendant employed the customary and normal method for transmitting to foreign lands

Surrogate's Court, Kings County, June, 1923.        [Vol. 121

moneys collected in Yucatan. The plaintiff itself had used the same machinery. It is unfortunate that the Comision Reguladora suspended, but this collapse could not have been foreseen by the defendant. The motion of defendant for a direction of a verdict in its favor must be granted. While the action is not brought on the theory of negligence, yet even on such a theory the plaintiff cannot recover. The delay in making the deposit with the comision, while perhaps an error of judgment, cannot be characterized as negligence. The dismissal of this action manifestly does not finally dispose of plaintiff's claim, for should the draft be issued and defendant fail to transmit it a suit would lie for such failure. In view of the stipulation that a verdict be directed with the same force and effect as though a jury were present I direct a verdict in favor of the defendant.

Judgment accordingly.